UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| REGINALD S. WESTFALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:10-CV-24-CEJ |
| | ) |
| TROY STEELE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Reginald S. Westfall (registration no. 526017) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to

1

the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $125.21, and an average monthly account balance of $2.09. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $25.04, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), seeks monetary, declaratory, and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are Troy Steele (Warden), Roger Terry (Assistant Warden), Omar Clark (Deputy Warden of Operations and Management), Gina Cook (SECC Investigator), J. Brown

(Mailroom Supervisor), Unknown Martinez (Health Services Administrator), Johnathan Rice (Captain of Custody and Security), Unknown Walker (Captain of Custody and Security), Johnny Williams (Functional Unit Manager), and Lenord Ledger (SECC Comptroller).

Plaintiff alleges that he was wrongfully detained in administrative segregation from July 25 or 26, 2008, to August 7, 2008, ten days of which were spent in disciplinary segregation. In addition, plaintiff alleges that on January 14, 2009, he was wrongfully placed in temporary administrative segregation confinement until February 3, 2009. Plaintiff further alleges that, on January 21, 2010, he learned he was under investigation for "Free Text," which he claims is an "unconstitutional 'fishing expedition.'" Plaintiff claims that he was transferred from his honor dorm and placed in administrative segregation, in violation of his procedural due process rights. He also claims that defendant Cook "did not use any of the conduct violation rules" and defendants Steele and Clark did not follow prison rules in "signing off on matter[s] of investigation." Plaintiff states that he is protesting his present ad-seg confinement by going on a hunger strike, which he says he has done in the past in order to be relocated to housing unit #1, where inmates are single-celled.

Plaintiff alleges that he has been the subject of five investigations due to another inmate writing something that was sent through the institutional mailing system, which is supervised by defendant Brown.

4

In addition, plaintiff alleges that, on occasion, he has been assigned to "ad-seg housing unit #1 and #2," and that housing unit #2 poses serious health dangers due to second-hand smoke "and the employee laxity of the caseworkers and their lack of assistance to inmates." Plaintiff states that although this is a non-smoking area, there are "uncontrolled amounts of tobacco [that] inmates conceal on their bodies when going to the 'hole.'" Moreover, he claims that "this presents another serious health problem of inmates coming into contact with human feces that gets [sic] washed off in the sink that both inmates have to wash up with and drink water from." Plaintiff states that caseworkers suffer from "staff laxity" in housing unit #2, and that for all these reasons, he goes on a hunger strike each time he is detained in housing unit #2.

Plaintiff alleges that defendants have violated his right of access to the courts by not affording him daily access to a caseworker in order to "get legal copies need[ed] for the court." Plaintiff alleges that defendant Martinez is legally responsible for the daily operations of the SECC medical unit, as well as the welfare of all inmates. He claims that in January 2010, he was suffering from serious head and neck pain, but was "denied medical attention after calling [an] officer." The following day, a sick call nurse went by plaintiff's cell and diagnosed an ear infection. Three days later, plaintiff was seen by another nurse, who ordered over-the-counter medications for him. This nurse told plaintiff that she was referring him to see a doctor immediately. Plaintiff

states that he continues to suffer from head and neck pain, and that he wrote defendant Martinez, begging for help with a medical services request. He states that "if [he] would have to wait until he file [sic] through the prison grievance system he would suffer irreparable harm and injury and defendants has [sic] failed to do anything to fix the situations."

Last, plaintiff alleges that Lenard Ledger, "the last known 'Comptroller' available at the institutional law library of the Missouri Department of Corrections," is "equally liable . . . for ignoring the ongoing problems."

## Discussion

### A. Wrongful Detention Claims

Plaintiff's claims that he was transferred from his honor dorm and placed in administrative, disciplinary, and temporary administrative segregation in violation of his procedural due process rights will be dismissed as legally frivolous. Plaintiff has no constitutional right to a particular prison classification or housing assignment, and he does not allege a liberty interest created by state law. *See Nash v. Black*, 781 F.2d 665, 668 (8th Cir. 1986); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). Moreover, for the Due Process Clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the

6

state might conceivably create a liberty interest. *Cf. Hemphill v. Delo*, 124 F.3d 208, 1997 WL 581079, **2 (8th Cir. 1997)(no atypical and significant hardship where inmate alleged only that he spent 4 days locked in his housing unit, 30 days in disciplinary segregation, and 290 days in administrative segregation); *Driscoll v. Youngman*, 124 F.3d 207, 1997 WL 581072, **2 (8th Cir. 1997)(same; 135 days in disciplinary and administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997)(same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary detention and 100 days in maximum-security cell); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention).

In addition, plaintiff's claim that defendant Cook did not follow prison regulations in relation to his conduct violations does not rise to the level of a constitutional violation and will be dismissed as legally frivolous. *Cf. Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

B. **Mail Claim**

Plaintiff's allegations against defendant Brown, as the mailroom supervisor, are legally frivolous and fail to state a claim or cause of action

under § 1983. Additionally, liability premised on the theory of respondeat superior is not actionable under § 1983. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

### C. Conditions of Confinement Claims

Plaintiff's allegations concerning second-hand smoke, unsanitary sink conditions, and employee laxity do not rise to the level of a constitutional violation and fail to state a claim or cause of action under § 1983. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)(to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963-64 (8th Cir. 1995)(for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety).

### D. Access to the Courts Claim

Plaintiff's claim that he cannot get legal copies made for his court pleadings is legally frivolous, because he has not alleged that he suffered actual prejudice to a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *Grady v. Wilken*, 735 F.2d 303, 306 (8th

Cir. 1984). Moreover, to the extent that plaintiff is attempting to assert an access-to-the-courts claim on behalf of other inmates, he lacks standing to do so.

### E. Medical Claim

Plaintiff's claim that he wrote defendant Martinez to request help with a medical services request does not rise to the level of a constitutional violation and will be dismissed as legally frivolous. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Rivera v. Goord*, 119 F.Supp.2d 327, 344 (S.D.N.Y.2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct.23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); *Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y.1997) (allegations that an official ignored a prisoner's letter are insufficient to establish liability).

Moreover, it is apparent that on the face of the complaint, plaintiff chose not to exhaust his available prison remedies relative to his medical claim. Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $25.04 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **denied as moot**.

Dated this 9th day of February, 2010

_____
UNITED STATES DISTRICT JUDGE